**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs,*
Thomas Roche; and, Stacy Roche

*(left margin, vertical)* KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS ROCHE; AND, STACY ROCHE; INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>v.<br><br>**INNOVATIVE TELESERVICES INC.,**<br><br>Defendant. | **Case No.:** '13CV0242 JLS  BGS<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

///

///

## INTRODUCTION

1. THOMAS ROCHE (individually as "Mr. Roche" or collectively as "Plaintiffs"); and STACY ROCHE (individually as "Mrs. Roche" or collectively as "Plaintiffs"); bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of INNOVATIVE TELESERVICES INC. and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiffs without the knowledge or consent of Plaintiffs, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiffs' privacy.   Plaintiffs allege as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

2. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other.   Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed.   The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.   There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person.   Plaintiffs allege that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording its telephone conversations with California residents.

///
///
///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

---

CLASS ACTION COMPLAINT FOR DAMAGES                    PAGE 2 OF 11

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## JURISDICTION AND VENUE

3.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs, residents of the State of California, seek relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company incorporated in the State of Michigan and with its principal place of business in the State of Michigan. Plaintiffs also seek the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.     Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4.     Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because Defendant does business within the State of California and the County of San Diego.

## PARTIES

5.     Plaintiffs are, and at all times mentioned herein were, individual citizens and residents of the County of Los Angeles, State of California.

**6.**     Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a corporation whose principal place of business and State of incorporation is Michigan.  Defendant has a policy and practice of recording telephone conversations with the public, including California residents.  Defendant's employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

///

///

# FACTUAL ALLEGATIONS

7. Defendant is, and at all times mentioned herein was, a professional corporation. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of that agency and employment.

8. At all times relevant, Plaintiffs were individuals residing within the County of Los Angeles, State of California.

9. Since December 2012, Plaintiffs had numerous telephone communications with certain employees, officers and/or agents of Defendant.

10. Specifically on January 12, 2013, Defendant contacted Plaintiffs by telephone in order to solicit donations from Plaintiffs. After speaking with Defendant for a period of time, including discussions of Plaintiff's personal financial information, Plaintiff inquired as to whether the conversation was being recorded and Defendant responded for the first time that Defendant records all calls between Defendant and consumers.

11. During each of these conversations with Defendant, Plaintiffs discussed highly personal and private financial information that Plaintiffs had not openly discussed with others.

12. Plaintiffs had no reasonable expectation that any of Plaintiffs' telephone conversations with Defendant would be recorded due to the private subject matter being discussed.

13. Plaintiffs were shocked to discover that such a confidential communication was being recorded by Defendant without Plaintiffs' knowledge or consent.

14. Plaintiffs found Defendant's clandestine recording to be highly offensive due to the delicacy of the topics discussed during said conversations.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

15. Each of these conversations with Plaintiffs, were without Plaintiffs' knowledge or consent, recorded by Defendant, causing harm and damage to Plaintiffs.   Prior to Plaintiffs' query on the matter, Plaintiffs were never informed that Plaintiffs' telephone calls were being recorded.   At no time during these calls did Plaintiffs give consent for the telephone calls to be recorded.

16. Plaintiffs are informed and believe, and thereon allege, that during the relevant time period, Defendant has had a policy and a practice of recording telephone conversations with consumers.   Defendant's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including Plaintiffs and other California residents.

17. Plaintiffs are informed and believe, and thereon allege that from the beginning of 2011 to the present, Defendant has installed and/or caused to be installed certain wire-tapping, eavesdropping, and listening equipment in its employees' or agents' telephone lines.   Defendant uses these devices to record each and every telephone conversation on said telephone lines.

18. Plaintiffs are informed and believe, and thereon allege, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

19. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiffs and other California residents, and California Penal Code § 630 *et seq*.

///

///

///

---

**CLASS ACTION COMPLAINT FOR DAMAGES**                    PAGE 5 OF 11

**CLASS ACTION ALLEGATIONS**

20.   Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated ("The Class").

21.   Plaintiffs represents, and is a member of, "The Class" defined as follows: "All persons in California whose outbound telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original Complaint in this action."

22.   Defendant, and its employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

23.   This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

24.   The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

25.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

a.   Whether Defendant has a policy of recording outgoing calls;

b.   Whether Defendant discloses to callers and/or obtains their consent that their outgoing telephone conversations were being recorded;

c. Whether Defendant's policy of recording outgoing calls constituted a violation of California Penal Code §§ 632(a); and, 637.

d. Whether Plaintiffs and The Class were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendants should be enjoined from engaging in such conduct in the future.

26. Plaintiffs are asserting claims that are typical of The Class because every other member of The Class, like Plaintiffs, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

27. Plaintiffs will fairly and adequately represent and protect the interests of The Class in that Plaintiffs has no interest antagonistic to any member of The Class. Plaintiffs have retained counsel experienced in handling class action claims to further ensure such protection.

28. Plaintiffs and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1   likely to present significantly fewer difficulties than those presented in many

2   class claims.

3   30.   Defendant has acted on grounds generally applicable to The Class, thereby

4   making appropriate final injunctive relief and corresponding declaratory

5   relief with respect to The Class as a whole.

6

7   **FIRST CAUSE OF ACTION**

8   **INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632**

9   31.   Plaintiffs incorporate by reference all of the above paragraphs of this

10   Complaint as though fully stated herein.

11   32.   Californians have a constitutional right to privacy. Moreover, the California

12   Supreme Court has definitively linked the constitutionally protected right to

13   privacy within the purpose, intent and specific protections of the Privacy

14   Act, including specifically, Penal Code § 632. "In addition, California's

15   explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in

16   part specifically to protect California from overly intrusive business

17   practices that were seen to pose a significant and increasing threat to

18   personal privacy. (Citations omitted). Thus, Plaintiffs believe that California

19   must be viewed as having a strong and continuing interest in the full and

20   vigorous application of the provisions of section 632 prohibiting the

21   recording of telephone conversations without the knowledge or consent of

22   all parties to the conversation.

23   33.   California Penal Code § 632 prohibits one party to a telephone call from

24   intentionally recording the conversation without the knowledge or consent of

25   the other party. Penal Code § 632 is violated the moment the recording is

26   made without the consent of all parties thereto, regardless of whether it is

27   subsequently disclosed that the telephone call was recorded. The only intent

28   required by Penal Code § 632 is that the act of recording itself be done

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

---

intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

34.   Plaintiffs are informed and believe, and thereupon allege, that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

35.   Plaintiffs are informed and believe, and thereupon allege, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

36.   Said recording equipment was used to record the telephone conversations of Plaintiffs and the members of The Class, all in violation of California Penal Code § 632.6(a).

37.   At no time during which these telephone conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiffs or any other member of The Class that the recording of their telephone conversations were taking place and at no time did Plaintiffs or any other member of The Class consent to this activity.

38.   Defendant, knowing that this conduct was unlawful and a violation of Plaintiffs and the members of The Class' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiffs and the members of The Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the telephone conversations between Plaintiffs and The Class members, on the one hand, and Defendant on the other hand, as alleged herein above.

39.  Based on the foregoing, Plaintiffs and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

40.  Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and The Class members the following relief against Defendant:

1.  That this action be certified as a class action on behalf of The Class and Plaintiffs be appointed as the representative of The Class;

2.  For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiffs and each member of The Class;

3.  Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiffs and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

4.  That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing telephone conversation with California resident, including Plaintiffs and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiffs and The Class;

5.  For exemplary or punitive damages;

6.  For costs of suit;

7.  For prejudgment interest at the legal rate; and

8.  For such further relief as this Court deems necessary, just, and proper.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: January 25, 2013

**KAZEROUNI LAW GROUP, APC**

By:  _/s Abbas Kazerounian_____
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFFS

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705